### 10656.

### STATE v. BABB

#### (107 S. E. 912)

CRIMINAL LAW—INSTRUCTION ON CIRCUMSTANTIAL EVIDENCE HELD NOT TO IMPOSE BURDEN OF EXPLANATION ON DEFENDANT.—In an instruction that, if there is any reasonable way to explain the circumstances of the case consistent with the innocence of accused, the jury are to take that, but if there is no reasonable way to explain the circumstances except the guilt of accused, the jury are to take that, the latter portion is not, when considered with the entire instruction, erroneous as imposing upon accused the burden of explaining the facts and circumstances in a manner consistent with his innocence.

Before SHIPP, J., Greenville, January, 1920. Affirmed.

Tully Babb, indicted for violation of the prohibition law, and upon conviction appeals.

*Messrs. Dean, Cothran & Wyche,* for appellant, cite: *The offense of "storing" defined:* 63 S. C., 98; 41 S. E., 18; 96 S. E., 142; 105 S. C., 28; 89 S. E., 402; 89 S. C., 132; 71 S. E., 847. *With a different penalty under each Count and verdict of guilty, Court cannot say how to impose penalty:* 2 McC., 257; 1 Strob., 455.

*Mr. S. M. Wolfe, Atty. General,* for respondent, cites: *"Storing:"* 30 Stats., 72. *Charge must be considered as a whole:* 47 S. C., 74.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was tried for violation of the laws of the State in regard to intoxicating liquors under an indictment containing five counts, all being abandoned except the first and second. The first count charged the manufacture, and the second count the storing and having in possession.

The jury rendered a verdict of guilty, and he was sentenced to 12 months' imprisonment at hard labor; whereupon he appealed upon the following exceptions:

"(1) The presiding Judge erred in refusing the motion of defendant to direct a verdict in his favor upon the first count of the indictment upon the ground that there was no testimony in the case tending to establish the truth of the charge of manufacturing liquor therein contained.

"(2) The presiding Judge erred in refusing the motion of defendant to direct a verdict in his favor upon the second count of the indictment upon the ground that there was no testimony in the case tending to establish the truth of the charge of storing and keeping liquor in possession therein contained.

16—s. c. 116

· "(3) The presiding Judge erred in charging the jury, referring to circumstantial evidence, 'but, if there is no reasonable way under the circumstances that you can explain the circumstances except the guilt of the accused, why then you take that;' and, 'but, if there is no way that you can explain it except his guilt, why then you find him guilty.'

"Specifications: In adducing and relying upon circumstantial evidence the burden is upon the State to show that the facts and circumstances point to the guilt of the defendant and exclude every other reasonable hypothesis. The effect of the charge complained of was to shift the burden to the defendant and to require him to show that the facts and circumstances could be explained upon some other theory than his guilt."

The first and second exceptions must be overruled, for the reason that there was testimony tending to sustain the allegations of the indictment which it is not necessary to reproduce.

So much of the charge as is quoted in the third exception formed only parts of the sentence in which they were used. The entire sentence was as follows:

"Now, if there is any reasonable way in which you can explain the circumstances of the case that would be consistent with the innocence of the accused the jury are to take that, if there is any reasonable way; but if there is no reasonable way under the circumstances that you can explain the circumstances except the guilt of the accused, why then you take that, you act in a reasonable way about it; but if there is no way you can explain it except his guilt, why then you find him guilty, that is, if there is no reasonable way."

His Honor also charged:

"If there is a reasonable way consistent with the evidence in the case, that is consistent with his innocence, why take that."

It will thus be seen that this exception is without merit.

Appeal dismissed.

MR. JUSTICE COTHRAN disqualified, having been of counsel for defendant.